SEALED

FILED
JAN 31 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
 )  Case No.
Black iPhone 7, Model A1778, FCC ID: BCG-E3091A,  )
with phone number (559) 943-0046  )  1:19 SW - 0 0 0 3 2 SKO
 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A attached hereto and incorporated herein.

located in the _____Eastern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B attached hereto and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |

The application is based on these facts:
See Attached Affidavit of SA Jusino attached hereto and incorporated herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

George Jusino, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: January 30, 2019

_____
Judge's signature

City and state: Fresno, California

Sheila K. Oberto, U.S. Magistrate Judge
Printed name and title

McGREGOR W. SCOTT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of:<br><br>Black iPhone 7, Model A1778, FCC ID: BCG-E3091A, CURRENTLY LOCATED AT Clovis Police Department, 1233 5th Street Clovis, California | CASE NO.<br><br>AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH DEVICE |

1. I, George Jusino, being first duly sworn, hereby depose and state as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

2. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

3. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since July 2013. In the course of my duties as an ATF Special Agent, I have conducted investigations and received training regarding, but not limited to, illegal possession of firearms and other federal offenses involving firearms, the possession of firearms by prohibited persons and/or members of criminal street gangs and the illicit distribution and possession of controlled substances by various individuals. I have participated in all aspects of criminal investigations, including, but not limited to, interviews, physical surveillance, and the execution of search warrants. I have personally investigated and/or

AFFIDAVIT                                  1

assisted other agents and officers in their investigations involving violations of Title 18 Unites States Code, Section 922(g)(1), felon in possession of a firearm or ammunition, Title 18 Unites States Code, Section 922(a)(1)(A), dealing firearms without license, Title 18 United States Code, Section 922(j), possession of a stolen firearm and Title 26, United States Code, Section 5861(d), receive or possess a firearm not registered in the National Firearms Registration and Transfer Record (NFRTR), Title 21, United States Code, Section 841(a)(1), the manufacture of, distribution of and possession with intent to distribute controlled substances; and Title 21, United States Code, Section 846, conspiracy to commit the foregoing. Specifically, those investigations have focused on the distribution of methamphetamine, marijuana, cocaine and other narcotics. I am familiar with, and have participated in, conventional investigative methods, including, but not limited to, electronic surveillance, visual surveillance, the use of GPS/E-911 data, questioning of witnesses, search warrants, confidential informants, and pen registers and trap and trace devices. I have also conducted a T-III narcotics and firearms investigation as the case agent. Through my training and experience, I know that individuals use wireless telephones to commit unlawful activity, including firearms and drug trafficking activities.

4.   This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## II.   IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4.   The property to be searched is a Black iPhone 7, Model A1778, FCC ID: BCG-E3091A, assigned telephone number 559-943-0046 hereinafter the "Device 1." The Device 1 is currently located at Clovis Police Department, 1233 5th Street Clovis, California.

5.   The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## III.   PROBABLE CAUSE

5.   On November 14, 2018, at approximately 1505 hours, Officer J. Dunn of Clovis Police Department was dispatched to a high school in Clovis, California regarding a possible sex offense. Officer Dunn, made contact with a Juvenile Female (JF) who stated she had met up with "Drew," later identified as Andrew GONZALEZ, to exchange sexual favors for money and narcotics.

6.   On November 15, 2018, Detective Martinez of Clovis Police Department made contact

AFFIDAVIT                                                   2

with JF's parents and obtained permission to look through the cellular phone that JF possessed. A phone extraction was conducted of JF's cellular phone and revealed several text messages exchanged between JF and GONZALEZ. Specifically, Detective Martinez located a text message conversation with a subject named "Drew" with phone #559-943-0046. In that conversation, JF told GONZALEZ that she was 18 years old and JF sent GONZALEZ naked photos via text message for $45.00. In the text message conversation, GONZALEZ told JF that he was a drug dealer and sells all kinds of drugs. One specific photo that GONZALEZ sent to JF was a photo with $100.00 bills everywhere and GONZALEZ's hand over it. GONZALEZ has a specific tattoo on his hand. GONZALEZ wrote that he made this money the previous night from selling drugs. GONZALEZ continued and texted that people are constantly "blowing up his phone for dope." GONZALEZ told JF that he has "Molly, LSD, vapes Ice" and sends JF a photograph of LSD tabs.

7.   Detective Martinez conducted a search for 559-943-0046 in a law enforcement database, which revealed the name of Andrew GONZALEZ with a date of birth 03/26/1981. Detective Martinez pulled a prior booking photograph of GONZALEZ and made a positive match with the photos GONZALEZ sent JF from 559-943-0046. GONZALEZ is a previously convicted felon with an associated address in the city of Fresno, California ("GONZALEZ's residence").

8.   On November 15, 2018, Detective Martinez and other Detectives from Clovis Police Department arrived at GONZALEZ's residence and spoke with GONZALEZ. GONZALEZ was informed of the incident and that JF was not 18 but in fact a juvenile. Detectives also informed GONZALEZ due to the nude photographs being sent to his cell phone, GONZALEZ could be in possession of child pornography. Detective Martinez asked the whereabouts of GONZALEZ's phone to which he replied it was in his pocket. Detective Martinez called 559-943-0046 twice and both times it rang. GONZALEZ then turned Device 1 over to Detective Martinez and provided its passcode.

9.   On December 6, 2018, Judge Hamlin approved a cell phone search warrant for GONZALEZ's cell phone, Device 1, for child pornography and sales of narcotics. Detective Martinez reviewed the cellphone extraction from Device 1. While reviewing the photographs on Device 1 for evidence of child pornography and sales of narcotics, Detective Martinez came across several photographs of firearms in plain view. In some of those photographs, GONZALEZ was holding

firearms. Detective Martinez was able to identify that GONZALEZ was the individual in the photographs holding the firearms based on her interactions with him and his distinct tattoos.

10. Device 1 is currently in the lawful possession of the Clovis Police Department. While the Clovis Police Department might already have all necessary authority to examine the Device 1, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

## IV. TECHNICAL TERMS

11. Based on my training and experience, I use the following technical terms to convey the following meanings:

  a) Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

  b) Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing

the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c) Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d) GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e) PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or

miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

12. Based on my training, experience, and research, I know that the Device 1 has capabilities that allow it to serve as wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## V. ELECTRONIC STORAGE AND FORENSIC ANALYSIS

13. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

14. <u>Forensic evidence.</u> As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a) Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b) Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c) A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d)  The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e)  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

15. <u>Nature of examination.</u> Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

16. <u>Manner of execution.</u> Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

17. Law enforcement personnel will perform an initial search of the **Device** within 120 days. If, after conducting the initial search, law enforcement personnel determine that the **Device** contains any data falling within the list of items to be seized pursuant to this warrant, the government will retain the **Device** to, among other things, litigate the admissibility/authenticity of the seized items at trial, ensure the adequacy of chain of custody, and resolve any issues that potentially might be raised regarding changed conditions of the evidence.

18. If the **Device** does not contain any data falling within the list of items to be seized pursuant to this warrant, the government will: return the **Device** to its owner within ~~120~~ 30 SKO days if it can be lawfully possessed; seal any image previously made of the **Device**; and not review the sealed image

AFFIDAVIT                                 7

absent further authorization from the Court.

## VI.   CONCLUSION

19.   I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

_____
George Jusino
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives (ATF)

Subscribed and sworn to before me on: January 30, 2019

_____
The Honorable Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE

_____
Approved as to form by AUSA JUSTIN J. GILIO

AFFIDAVIT                                              8

## ATTACHMENT "A"

The property to be searched is a Black iPhone 7, Model A1778, FCC ID: BCG-E3091A, hereinafter the "Device 1." The Device is currently located at Clovis Police Department, 1233 5th Street Clovis, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT "B"**

The items to be searched and seized, and the property found therein from the items as described in Attachment A, constitute evidence of the commission of the offense described below, and things otherwise criminally possessed and property designed or intended for use or which is or has been used as the means of committing a criminal offense for violations of Title 18 U.S.C. § 922(g)(1), and involve Andrew GONZALEZ since June 2018, including:

a. Communications, records, or data, including emails, text messages, photographs, audio files, videos, or location data tending to indicate possession of firearms, magazines, ammunition, and firearm paraphernalia, including holsters, cases, and cleaning kits;

b. Photographs or pictures of firearms or firearm accessories;

c. Types, amounts, and prices of firearms transferred, acquired, or possessed as well as dates, places and amounts of specific transactions; and

d. any information related to sources of firearms (including names, addresses, phone numbers, or any other identifying information).



## UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Black iPhone 7, Model A1778, FCC ID: BCG-E3091A,<br>with phone number (559) 943-0046 | )<br>)<br>)  Case No.<br>)<br>)  1:19 SW - 0 0 0 3 2 SKO<br>) |

### SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A attached hereto and incorporated herein.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B attached hereto and incorporated herein.

**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___any duty Magistrate Judge___.
                                                                                                              *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   January 30, 2019 at 3:52 p.m.        *Sheila K. Oberto*
                                                                                   *Judge's signature*

City and state:        Fresno, California                     Sheila K. Oberto, U.S. Magistrate Judge
                                                                                *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                                                                   *Executing officer's signature*

                                                                                   *Printed name and title*

## ATTACHMENT "A"

The property to be searched is a Black iPhone 7, Model A1778, FCC ID: BCG-E3091A, hereinafter the "Device 1." The Device is currently located at Clovis Police Department, 1233 5th Street Clovis, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT "B"

The items to be searched and seized, and the property found therein from the items as described in Attachment A, constitute evidence of the commission of the offense described below, and things otherwise criminally possessed and property designed or intended for use or which is or has been used as the means of committing a criminal offense for violations of Title 18 U.S.C. § 922(g)(1), and involve Andrew GONZALEZ since June 2018, including:

   a. Communications, records, or data, including emails, text messages, photographs, audio files, videos, or location data tending to indicate possession of firearms, magazines, ammunition, and firearm paraphernalia, including holsters, cases, and cleaning kits;

   b. Photographs or pictures of firearms or firearm accessories;

   c. Types, amounts, and prices of firearms transferred, acquired, or possessed as well as dates, places and amounts of specific transactions; and

   d. any information related to sources of firearms (including names, addresses, phone numbers, or any other identifying information).